T.C. Summary Opinion 2009-32

UNITED STATES TAX COURT

DOUGLAS A. SCHMUECKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20483-05S.              Filed March 9, 2009.

Douglas A. Schmuecker, pro se.

<u>J. Anthony Hoefer</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
years at issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies in petitioner's Federal income taxes:

| Year | Deficiency |
|------|-----------|
| 2001 | $2,580 |
| 2002 | 5,738 |
| 2003 | 9,458 |

The issue for decision is whether petitioner's horse-racing business constituted a passive activity under section 469(c).

## Background

The parties have stipulated some facts, which are so found. When he petitioned the Court, petitioner resided in Nebraska.

During the years at issue petitioner worked about 30 hours a week as a commissioned salesman for a trailer dealership. From this employment he earned these commissions:

| Year | Commission |
|------|-----------|
| 2001 | $37,321 |
| 2002 | 71,071 |
| 2003 | 156,724 |

In 1993 petitioner got involved in horse racing. During the years at issue, he owned or co-owned five or six racehorses. They were not always the same horses. Sometimes he would acquire a horse by winning a "claiming race"; sometimes one of his horses would be claimed by someone else and he would reinvest in another horse. Because of the expense involved,

petitioner generally owned no more than three horses outright at any time. The other horses he co-owned, typically 50-50, usually with his primary horse trainer, Marv Johnson.

Marv Johnson kept all or most of these horses, along with 40 or 50 others, at his ranch, which was distant from petitioner's residence. Marv Johnson and his staff provided all necessary services for taking care of the horses, such as feeding, grooming, and training them. They decided when the horses were ready to race, decided on the races to enter (either on their own or in consultation with petitioner), and hauled the horses from meet to meet. Petitioner paid a fee for these services.

According to petitioner's statement, he was "not required to do anything as far as services" in his horse-racing business. In fact, he had no firsthand experience in training horses and did not even ride horses. Before acquiring racehorses his only previous experience in horse racing consisted of going to races with his father. Petitioner did not contemporaneously maintain logs of time spent on his horse-racing business.

On Schedules C, Profit or Loss From Business, of his Federal income tax returns as originally filed, petitioner claimed these losses from his horse-racing business:

|              | 2001     | 2002     | 2003     |
|--------------|----------|----------|----------|
| Gross income | $7,507   | $15,132  | $10,042  |
| Less: Expenses | 21,500 | 35,953   | 39,740   |
| Net loss     | 13,993   | 20,821   | 29,698   |

Petitioner used these claimed losses to offset other income, principally his commissions from the trailer distributorship.

In the notice of deficiency respondent disallowed petitioner's claimed horse-racing losses as being attributable to a passive activity.[2]

## Discussion

Section 469(a)(1) limits the deductibility of losses from certain passive activities of individual taxpayers. Disallowed passive losses generally may be carried over to the next year. Sec. 469(b). Generally, a passive activity is a trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). Material participation is defined generally as regular, continuous, and substantial involvement in the business operations. Sec. 469(h).

Respondent concedes that petitioner was in the business of horse racing and that the claimed expenses were ordinary and necessary business expenses. Respondent contends, however, that

---

[2] Although petitioner's 2001 return, which is in evidence, reported a horse-racing loss of only $13,993, the notice of deficiency disallowed a horse-racing loss of $16,870 for 2001. Respondent asserts and petitioner does not dispute that the additional amount resulted from additional horse-racing expenses that petitioner claimed on an amended 2001 return, which is not in evidence.

petitioner did not materially participate in his horse-racing business. Petitioner claims that he did. The burden of proof is upon petitioner. See Rule 142(a).[3]

The regulations identify these seven situations in which an individual will be treated as materially participating in an activity:

> (1) The individual participates in the activity for more than 500 hours during such year;
>
> (2) The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year;
>
> (3) The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year;
>
> (4) The activity is a significant participation activity (within the meaning of paragraph (c) of this section) for the taxable year, and the individual's aggregate participation in all significant participation activities during such year exceeds 500 hours;
>
> (5) The individual materially participated in the activity (determined without regard to this paragraph (a)(5)) for any five taxable years (whether or not consecutive) during the ten taxable years that immediately precede the taxable year;

---

[3] Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his tax liability. In particular, as discussed in more detail infra, petitioner has not introduced credible evidence to show the time he spent in his horse-racing business, as required by sec. 7491(a).

(6) The activity is a personal service activity (within the meaning of paragraph (d) of this section), and the individual materially participated in the activity for any three taxable years (whether or not consecutive) preceding the taxable year; or

(7) Based on all of the facts and circumstances (taking into account the rules in paragraph (b) of this section), the individual participates in the activity on a regular, continuous, and substantial basis during such year. [Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988).]

The regulations also provide that the last-described "facts and circumstances" test requires that the individual's participation in the activity exceed 100 hours during the taxable year. Sec. 1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).

Petitioner does not contend, and the record does not suggest, that he meets the second, third, fourth, or sixth test described above. Apparently trying to meet the quantitative requirements of the first or seventh test, petitioner testified vaguely that he "would say" he spent 500 hours a year in his horse-racing business. He testified that about half those hours he spent on the Internet researching horses to purchase. The other 250 hours, he testified, were spent "Going to the races, reading the racing form, visiting with people, going to horse sales, watching live races. Going to the farm in the spring and fall to check on horses." On brief petitioner has increased his estimates to include "2 to 3 hours per day online" and "700 hours per year plus in travel time".

Petitioner has failed to substantiate his vague and inconstant time estimates. Although the regulations permit a taxpayer to establish the extent of his participation by "any reasonable means", sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), a postevent "ballpark guesstimate" does not suffice, see Lee v. Commissioner, T.C. Memo. 2006-193; Bailey v. Commissioner, T.C. Memo. 2001-296; Carlstedt v. Commissioner, T.C. Memo. 1997-331; Speer v. Commissioner, T.C. Memo. 1996-323; Goshorn v. Commissioner, T.C. Memo. 1993-578. Petitioner has provided us nothing more.

Because petitioner has failed to substantiate the time spent in his horse-racing business, he cannot qualify under either the first or seventh test. There are also other obstacles to petitioner's reliance on the seventh "facts and circumstances" test. Since petitioner admits that he had no hands-on participation with the horses, any participation he had is best characterized, we believe, as a management function. Under the "facts and circumstances" test, however, services that a taxpayer performs in managing an activity are not taken into account if another person is compensated to perform management services or another person performs management services that exceed in hours those performed by the taxpayer. Sec. 1.469-5T(b)(2)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). Petitioner compensated his trainers to perform

management services.  Especially taking into account that Marv
Johnson co-owned some of the horses with petitioner and took
care of most, if not all, of the horses at his ranch and that
petitioner had no meaningful background experience with horses
or horse training, we believe that Marv Johnson's hours of
management services exceeded petitioner's.  Consequently, even
apart from his failure to substantiate his hours, petitioner
cannot rely on the "facts and circumstances" test of section
1.469-5T(a)(7), Temporary Income Tax Regs., supra.

Petitioner seeks to qualify under the fifth test described
above, asserting that from 1993 to 1999 he materially
participated in his horse-racing business.  He contends that
respondent has never challenged his material participation for
these earlier years.  There is no evidence in the record to
support this contention.  But even if we were to assume for the
sake of argument that respondent raised no objection to
petitioner's claims of material participation for the earlier
years, this circumstance would not preclude respondent from
raising such an objection for later years.  See Hawkins v.
Commissioner, 713 F.2d 347, 351-352 (8th Cir. 1983), affg. T.C.
Memo. 1982-451; Yeaman v. United States, 584 F.2d 322, 326 (9th
Cir. 1978).  In any event, there is no evidence to establish
exactly what petitioner's significant activities in his horse-
racing business might have been in the preceding years or to

establish that they were substantially the same as those for the years at issue, as the regulations require.  See sec. 1.469-5(j), Income Tax Regs.

In sum, on the basis of the record before us, we conclude and hold that petitioner has failed to establish that he materially participated in his horse-racing business.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.